(57 Misc. Rep. 479.)

## GAGE v. CALLANAN.

(Supreme Court, Special Term, Saratoga County. January, 1908.)

PRINCIPAL AND AGENT—AUTHORITY OF AGENT.

A chauffeur in charge of an automobile has no authority, either apparent or implied, to order permanent repairs thereto on the credit of his employer, or any repairs other than such as are necessary to enable him to continue his journey.

Action by William M. Gage against James J. Callanan. Judgment for plaintiff.

John L. Henning, for plaintiff.
Potter & Little, for defendant.

KELLOGG, J. A chauffeur of the defendant, in driving the defendant's car from Troy to Whitehall, broke down at Saratoga, and procured the plaintiff to make temporary repairs thereon. In leaving the shop he told employés of the plaintiff to come and get the car if he broke down again, and to make all necessary repairs thereon to place it in first-class condition. He did so break down. He then sent a message to the plaintiff to come and get the car and repair it as above mentioned. The plaintiff took the car to his shop. Before repairing it he wrote the defendant several letters at his home address, telling him what had been done, and asking if he should carry out the instructions of the chauffeur. He received no reply whatever. He then proceeded to repair the car. These facts are abundantly established by the proof.

Evidently the chauffeur had no implied or apparent authority to order permanent repairs, or any repairs other than such as were necessary to enable him to proceed upon his journey. This was evident to the plaintiff himself; for he placed no reliance upon the word of the chauffeur, writing the owner himself for instructions. The owner ignored his letters. Clearly the plaintiff was in no way deceived as to the chauffeur's authority. Clearly he knew that he had no authority to order the repairs in question. The case, therefore, is precisely as if the chauffeur had not given the orders in question, merely leaving the car in plaintiff's shop for safe-keeping. If the plaintiff had then suggested repairs to the defendant, and received no response to his suggestion, he could not then have made repairs except at his own cost and risk. So in this case. The plaintiff is, therefore, not entitled to recover his repair bill.

It is otherwise as to his bill for storage. The chauffeur had the right to place the broken-down car in the plaintiff's custody for safe-keeping. The defendant was informed that he had done so. He did not interfere with the plaintiff's custody of the car, but left it with him for a long period of time. He certainly is liable for the keep of the car. The plaintiff has placed the value of the car's storage at $537.50. I think this sum, although undisputed, is excessive. The sum of $250 would amply repay the plaintiff. Judgment is accordingly ordered in the plaintiff's favor for $250 and costs.

Judgment for plaintiff.